**LIAN SHUN SHAO, a.k.a. Liang Shun Shao, Petitioner,**

v.

**Albert R. GONZALES, Respondent.**

No. 06–3162–ag.

United States Court of Appeals, Second Circuit.

Jan. 30, 2007.

Michael Brown, New York, New York, for Petitioner.

Amul R. Thapar, United States Attorney, Eastern District of Kentucky, Charles P. Wisdom, Jr., Appellate Chief, Cheryl D. Morgan, Assistant United States Attorney, Lexington, Kentucky, for Respondent.

PRESENT: Hon. THOMAS J. MESKILL, Hon. WALKER, Hon. CHESTER J. STRAUB, Circuit Judges.

### SUMMARY ORDER

Lian Shun Shao, a native and citizen of the People's Republic of China, seeks review of a June 13, 2006 order of the BIA adopting, affirming, and supplementing immigration judge ("IJ") Philip Morace's March 4, 2005 decision denying Shao's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Lian Shun Shao,* No. A77 317 138 (B.I.A. June 13, 2006), *aff'g* A77 317 138 (Immig. Ct. N.Y. City March 4, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

As an initial matter, although Shao is challenging the denial of relief in "asylum-only" proceedings, as opposed to removal proceedings, we nonetheless have jurisdiction under 8 U.S.C. § 1252(a)(1) be-

cause the denial of relief in these circumstances is the functional equivalent of a removal order. *See Kanacevic v. I.N.S.,* 448 F.3d 129, 135 (2d Cir.2006). When the BIA agrees with the IJ's conclusion that a petitioner is not credible and, without rejecting any of the IJ's grounds for decision, emphasizes particular aspects of that decision, we review both the BIA's and IJ's opinions. *Yun–Zui Guan v. Gonzales,* 432 F.3d 391, 394 (2d Cir.2005). In addition, when the BIA adopts the IJ's decision and supplements it, we review the decision of the IJ as supplemented by the BIA. *See Yu Yin Yang v. Gonzales,* 431 F.3d 84, 85 (2d Cir.2005). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. I.N.S.,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. United States Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005).

■ Here, substantial evidence supports the IJ's adverse credibility determination. The IJ reasonably relied on Shao's failure to mention his August 1999 arrest (the "arrest") during his "airport" and "credible fear" interviews, *Ramsameachire v. Ashcroft,* 357 F.3d 169, 181 (2d Cir.2004), because the arrest lies at the heart of Shao's claim that he was persecuted on account of his involvement with Falun Gong. *See Cheng Tong Wang v. Gonzales,* 449 F.3d 451, 453 (2d Cir.2006) (per curiam) (noting that this court has repeatedly held that omissions that go to a heart of an appli-

cant's claim can form the basis for an adverse credibility determination).[1] Though Shao testified that these omissions were due to his nervousness and lack of knowledge regarding the United States' asylum laws, we do not find that a reasonable adjudicator would have been compelled to accept Shao's explanation given his account that he decided to flee China and seek asylum in the United Stated, in part, because he practiced Falun Gong. *See Majidi v. Gonzales,* 430 F.3d 77, 80–81 (2d Cir.2005) (emphasizing that the agency need not credit an applicant's explanations unless they would compel a reasonable fact-finder to do so). Moreover, that Shao was non-responsive when questioned on cross-examination as to why he failed to inform those interviewing him of his arrest and involvement in Falun Gong lends even further support to the IJ's determination. In addition, the IJ was reasonable in finding it implausible that Shao would take the risk of hiding Falun Gong materials in his home for a friend; after all, Shao, himself, decided not to partake in Falun Gong after the Chinese government had outlawed it and officials had taken him into custody and mistreated him on account of his involvement therewith. *Ming Xia Chen v. B.I.A.,* 435 F.3d 141, 145 (2d Cir.2006).

■ Though the IJ may have erroneously relied on certain other evidence in arriving at its adverse credibility determination, because the error-free reasons previously noted do provide sufficient support for the IJ's finding, "we can state with confidence" that remand would be futile. *See Xiao Ji Chen v. United States Dep't of Justice,* 434 F.3d 144, 161 (2d Cir.2006).

■ Because the only evidence of a threat to Shao's life or freedom depended

---

1. Nothing in the record suggests that these interviews were unreliable under the factors identified in *Ramsameachire,* 357 F.3d at 180.

upon his credibility, the adverse credibility determination in this case necessarily precludes success on his claim for withholding of removal. *See Wu Biao Chen v. I.N.S.,* 344 F.3d 272, 275 (2d Cir.2003). Additionally, because Shao's CAT claim was predicated on the same facts as his claims for asylum and withholding of removal, the adverse credibility determination also precludes success on the CAT claim. *See Xue Hong Yang v. United States Dep't of Justice,* 426 F.3d 520, 523 (2d Cir.2005).

For the foregoing reasons, the petition for review is **DENIED.** The pending motion for a stay of removal in this petition is **DISMISSED** as moot.